# Court of Appeals.

### *March*, 1886.

## Supreme Court—General Term—Fifth Department.

### *October*, 1885.

# PEOPLE *v.* OTTO.

JURY—CHALLENGE FOR CAUSE—OBJECTION, WHEN GROUND OF, MUST BE STATED—ERRONEOUS EVIDENCE, ADMISSION OF, WHEN NOT ERROR—MURDER, EVIDENCE OF MOTIVE—PREMEDITATION, &C.—POLICE MAGISTRATE, PROCEEDINGS BE- FORE, AS EVIDENCE.

Upon the trial of a challenge for cause it appeared that the juror at the time of the murder had read some notice of the circumstances in one news- paper and more recently in another, but he stated he had no "formed impression about it," or "firm opinion"; "such opinion or impression as he had he could lay aside and sit as a juror in this case, and render an impartial verdict according to the evidence." *Held*, that it was for the trial court to determine whether the juror entertained such opinion or impression as would influence his verdict; that it appeared he had no prejudice against the prisoner, and his mind was free to receive the evi- dence and decide upon it fairly and impartially, and that, therefore, he was qualified to sit.

A ground of objection to the admission of evidence not stated upon the trial cannot be urged in support of such objection on appeal to the Court of Appeals;

If evidence be erroneously admitted, *e. g.,* tending to show the existence of premeditation, &c., on the part of defendant, it cannot be urged as a ground of reversal, where the other evidence on the same point is full and complete, and the admission of the evidence in question could not have prejudiced defendant.

Upon the trial of an indictment for murder in the first degree, that a complaint to a magistrate for failure to support, &c., was made by the deceased against the defendant, her husband, about ten months before the killing, is a material fact.

In this case it appeared that on the trial the magistrate produced the record on such complaint and read from it, and no objection was taken to its form or substance, but merely that it was immaterial and irrelevant. *Held,* if any error were committed in receiving parol evidence it was corrected by the subsequent introduction of the papers; that in the absence of a specific objection it was not necessary to show that the magistrate acquired jurisdiction over the matter.

The evidence in this case reviewed and held sufficient to establish premeditation and deliberation in the killing for which defendant was committed.

APPEAL from a judgment of the Court of Oyer and Terminer of Erie county, December 20, 1884, Hon. CHARLES DANIELS, presiding, convicting defendant of the crime of murder in the first degree, and from an order denying a motion in arrest of judgment.

The indictment was found in the Court of Sessions of Erie county, November 22, 1884, and charged that on November 14, 1884, at the city of Buffalo, the defendant shot and killed his wife with a certain pistol and fire-arm, and that such shooting was done from a deliberate and premeditated design to effect her death.

The facts appear in the opinions.

The following opinion was delivered at General Term.

SMITH, P. J.—The appellant's counsel contends that the defendant's challenge for cause to the juror Alger, was improperly overruled.

The juror was examined on the subject, and he testified in substance that, at the time of the homicide, he read an account of it in the "*Weekly Commercial,*" a newspaper published in Buffalo, and talked about it with his wife; that the account which he read told something of the circumstances; that he

had no reason to doubt the truth of the statement, and supposed it was true.

"Q. Did it make any impression on your mind respecting the guilt or innocence of the defendant?

"A. Not particularly at the time; I think not.

"Q. Believing that to be true, was there no impression formed on your mind respecting the defendant's guilt?

"A. Why something of one, of course.

"Q. Can you say whether it would require evidence to remove that impression?

"A. Perhaps it would some.

"Q. Can you say how much evidence it would take?

"A. No, I couldn't tell; I haven't any formed impression about the matter, not knowing but a little of it; I merely read the notice; until of late I heard it was to be called up.

"Q. When have you read most lately concerning this case?

"A. The last I read of it was this last week; I read a notice in the "*Commercial.*"

"Q. And that revived your recollection of what you had read concerning the case before?

"A. I remembered the incident then; yes, sir.

"Q. You say that you cannot say how much evidence would be required to remove the impression you formed then?

"A. No, sir; I cannot.

"Q. But you are certain that it would require some evidence to remove that impression?

"A. Yes, sir; more or less."

He being examined by the prosecuting attorney, the following occurred:

"Q. I understand you to say then you have a personal opinion regarding the guilt or innocence of the defendant?

"A. I never have formed a firm opinion of it; I had my impression at the time I read it only.

"Q. Do you not think you could sit as a juror in this case and render an impartial verdict according to the evidence?

"A. Why, perhaps I could; yes.

"Q. That you could lay aside the opinion entirely?

"A. I have no firm opinion in the matter.

"Q. And you could lay aside this opinion or impression?

"A. Yes; I should think so.

"Q. It wouldn't influence your verdict?

"A. I don't know why it should; I have no opinion, only I read the notice of the matter and at the time I read it, I thought I had my opinion of it.

"By the COURT—What he wants to know now is whether you would be able to dispossess your mind of that opinion and determine the case without being biased or influenced by any opinion which you have?

"A. Well, I don't know; I don't know how deep the impression I have is, I don't think it would affect me, but it might; I couldn't say.

"Q. What is your belief on that subject?

"A. I have my opinion, you know.

"Q. What is your belief as to whether you could listen to the evidence and decide the case without being influenced by any opinion?

"A. I have no opinion formed that would influence me in the case, in my consideration of the evidence or in the verdict."

The challenge of the defendant's counsel for cause was then overruled, and the defendant's counsel excepted.

Section 376 of the Code of Criminal Procedure provides, among other things, that "the previous expression of the formation of an opinion or impression in reference to the guilt or innocence of the defendant, or a present opinion or impression in reference thereto, is not a sufficient ground of challenge for actual bias to any person otherwise duly qualified, if he declare on oath that he believes that such opinion or impression will not influence his verdict, and that he can render an impartial verdict according to the evidence, and the court is satisfied that he does not entertain such a present impression or opinion as would influence his verdict."

In view of the testimony given by the juror, and especially his last answer above stated, we think the trial judge was warranted in overruling the challenge.

The following cases, some of which were decided under the acts of 1872 and 1873, the substance of which, so far as this

point is concerned, is incorporated in the section of the Code of Criminal Procedure above quoted, are authorities for this position : Thomas *v.* People, 67 *N. Y.* 218 ; Phelps *v.* People, 72 *Id.* 334 ; Balbo *v.* People, 80 *Id.* 484 ; Cox *v.* People, *Id.* 500 ; People *ex rel.* Phelps *v.* Court, 83 *Id.* 436 ; Abbott *v.* People, 36 *Id.* 460. There were facts in the cases of Greenfield *v.* People, 74 *N. Y.* 277, and of People *v.* Casey, 2 *N. Y. Crim. Rep.* 194; 96 *N. Y.* 115, not existing in this case, which the Court of Appeals thought took these cases out of the line of authorities above cited.

In the case of the juror Lytle, the testimony relied on in support of the challenge was much weaker than that in the case of Alger, and the challenge in his case was properly overruled.

The appellant's counsel contends that the court erred in permitting a certain pawn ticket to be put in evidence by the people. The pawn ticket is not set forth, nor are the contents stated in the case, and we cannot say, therefore, that it was material, and that the defendant was prejudiced by its admission. It is stated by the respondent's counsel, in his points, that the paper showed it was executed on the day before the shooting, and that the defendant had procured sufficient money therefrom to pay for the pistol and ammunition with which it is alleged the homicide was committed. If that was the case, the admission of the ticket was erroneous. The only evidence on the subject of the possession of the pawn ticket by the prisoner was that of the police captain Schwartz, who testified that he went to the police station and inquired for all the property that was found on the person of the prisoner, and was handed a memorandum book which contained the pawn ticket in question. He had no knowledge that the memorandum book and the pawn ticket were found upon the prisoner, and his testimony tending to show that such was the fact, was based upon information communicated to him at the station-house, and was mere hearsay. The reception of the evidence was, therefore, strictly speaking, erroneous. But the fact which it tended to show was wholly immaterial. The possession by the defendant of a revolver and cartridges shortly before the homicide was proved by competent evidence, and the question when or how he procured the money to pay for them was of no consequence.

An objection was taken to the introduction of proof tending to show that, about ten months before the homicide, the defendant's wife complained of him before a police justice as a disorderly person, in that he neglected to support his wife and children. The objection was, that the testimony was irrelevant and immaterial. We think the testimony was competent and proper to be considered by the jury upon the question of motive.

It is insisted by the appellant's counsel that the court erred in admitting the testimony of Henry Hearne in reference to a contract with Otto, that he would abstain from drink. It is a sufficient answer to this position to say, that, as appears by the case, no exception was taken to this ruling; furthermore, that the evidence was adduced on the part of the defendant.

It is contended by the appellant's counsel, that the court erred in refusing to charge as requested that, "if the act was committed by Otto in a condition of mind in which he had no memory, he is not responsible." The court replied: "Not necessarily so. If he knew at the time when he committed the act, if he did commit it, if he knew at the time what he was doing, and formed the intent to kill this woman and deliberately carried it into execution, he would be guilty of the crime of murder, although he had no recollection of it at the time alluded to by the counsel." An exception was taken to that portion of the charge, and to the refusal to charge as requested. We see no error either in the charge or in the refusal.

The appellant's counsel also insists that the court erred in refusing to charge as requested, that "if the jury are satisfied the intoxication of the defendant was the result of a morbid desire for drink, the defendant must be acquitted." The court replied to that request: "No, gentlemen, I cannot charge that, but, on the contrary, I have read you this twenty-third section, which provides that a morbid propensity to commit prohibited acts existing in the mind of a person who is not shown to be incapable of knowing the wrongfulness of such acts, forms no defense to a prosecution therefor." The section referred to is the twenty-third of the Penal Code, and it seems to justify the refusal to charge as requested.

Our examination of the evidence, as presented to us, satisfies

us that the jury was warranted in rendering a verdict of murder in the first degree, and that no injustice has been done the defendant thereby.

Some other exceptions appear by the case to have been taken by the prisoner's counsel, but they have not been argued, and, upon examination, they appear to possess no merit.

The conviction and judgment should be affirmed, and the case remitted to the Court of Oyer and Terminer of Erie county to proceed therein.

BARKER and BRADLEY, JJ., concur.

So ordered.

*E. A. Hayes*, attorney, and *H. J. Swift*, of counsel, for the prisoner, appellant.

*Edward W. Hatch*, district attorney, and *George T. Quinby*, for the people, respondent.

DANFORTH, J.—We are all agreed that no point is stated on which this appeal can prevail. *First*, as to the juror Alger: Upon his examination as to competency, it appeared that, at the time of the murder, he read some notice of the circumstances in one newspaper, and more recently in another, but he had no "formed impression about it," or "firm opinion;" such opinion or impression as he had he could lay aside, and "sit as a juror in this case, and render an impartial verdict according to the evidence." The prisoner challenged for cause.* Assuming that the challenge was sufficient in form (§ 380, *Code Crim. Pro.*), it was for the trial court to determine whether the juror entertained such opinion or impression as would influence his verdict. § 376, subd. 2. It was apparent that he had no prejudice against the prisoner, and his mind was free to receive the evidence and decide upon it fairly and impartially. He was there-

---

* Upon this point the appeal-book shows only that the juror Alger "was challenged by defendant's counsel for cause." No other statement of ground of challenge is there made.—REP.

fore qualified to sit. *Second*, as to evidence. There was abundant evidence of premeditation and deliberation; threats prior to the shooting and preparations for it. On the 13th of November the prisoner bought a box of cartridges and a revolver. On the evening of that day, and again in the forenoon of the 14th, he sought and received instructions for their use. He found difficulty in turning the barrel, had the movement explained to him, the method of cocking and half-cocking. On that day (17th) the prisoner left his house in the morning, and returned about eleven o'clock in the forenoon. His wife had been washing, and was then in the yard hanging clothes upon the line; he did not speak, but waited until she had finished, then followed her into the house, closed the door, locked it, and then shot her to death, discharging five bullets from his revolver. He then fled. The evidence was such as to leave no doubt as to the existence of every element constituting the crime, for the commission of which he was indicted, and of which he was found guilty.

Some exceptions were taken to evidence introduced by the district attorney. *First*, a pawn ticket, dated November 13, 1884, indicating the pledge of a watch and chain, and providing for its redemption at the price of four dollars. The objection now urged is, that its possession by the prisoner was not well proven, but no such suggestion was made on the trial. There was some evidence, but not of the first quality, that the ticket was taken from the prisoner by the public officer. It is plain that more and better could have been produced, had the attention of the court and prosecuting officer been called to this ground of objection. The omission to do so renders the objection unavailing. We agree, however, with the General Term in the opinion that its admission, if erroneous, could in no manner, nor in the slightest degree, prejudice the prisoner. It may be conceded that its tendency was to show to what length the prisoner went to procure money for ammunition or for his pistol, and that it bore upon the question of premeditation and deliberation. In view of the undisputed facts to which I have referred, it was insignificant. He had the pistol and cartridges, procured before the day of the murder. It was wholly unnecessary to show

with what money he bought them.    *Second.* King, police jus-
tice, testified to a complaint on the 19th of January, 1884,
against the defendant, by his wife, for neglecting to support her
and his children.    It is conceded by the appellant's counsel that
these proceedings were admissible, but that oral evidence of the
complaint should not have been received.

It appears, however, that the justice produced the record and
read from it.    No objection was taken to its form or to its sub-
stance, but the general objection only was made that it was
irrelevant and immaterial.    If any error was committed in
receiving parol evidence, it was corrected by the introduction
of the papers,\* and in the absence of a specific objection, it
was not necessary to show how the court acquired jurisdiction
over the matter, or that proper preliminary steps were taken
for that purpose.

Some other points are made.    They relate to the refusal of
the trial judge to charge as requested, and an alleged error of
the jury in rendering a verdict of murder in the first degree.
The propositions were not argued orally, and an examination
of the record shows that the case was submitted to the jury in
a manner most favorable to the defendant, and very fully on
the subject to which the requests relate.    Both in matters of
substance and in form the prisoner's rights were well protected
at the trial, and we agree with the learned judges of the General
Term in the conclusion that no error prejudicial to him was
there committed.

The judgment appealed from should therefore be affirmed.

All concur except RAPALLO, J., absent.

---

\* It seems from the appeal book that the papers referred to by the court
were the deposition and warrant.—[REP.